Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Counsel for Intervenor-Plaintiffs*

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>WILLIAM E. DEMPSEY, II and<br>AMY D. DEMPSEY,<br><br>    Debtors. | Case No. 19-01069-JMM<br><br>Chapter 11 |
| BRUNOBUILT, INC.,<br><br>    Plaintiff,<br><br>and<br><br>WILLIAM E. DEMPSEY, II,<br>AMY D. DEMPSEY,<br><br>    Intervenor-Plaintiffs,<br>v.<br><br>IDAHO CENTRAL CREDIT UNION,<br><br>    Defendant. | Adv. Proc. No. 20-06038-JMM<br><br>**INTERVENOR-PLAINTIFFS'
MOTION TO STRIKE PORTIONS
OF DECLARATION OF SAM
LANGSTON AND EXHIBIT A
THERETO (DOCKET NO. 33-2)** |

Intervenor-Plaintiffs, William E. Dempsey, II and Amy D. Dempsey ("Intervenor-Plaintiffs")
by and through their counsel of record, Holly Roark, pursuant to Federal Rule of Civil Procedure
56(c)(4), Federal Rules of Evidence 602 and 802, and relevant case law, object and move to strike
portions of the declaration of Sam Langston and Exhibit A thereto, submitted by Plaintiff BrunoBuilt,

---

Inc. ("BrunoBuilt" and "Plaintiff") in support of his Cross-Motion for Summary Judgment (Counts II & III).

As set forth in the Memorandum in Support of Intervenor-Plaintiffs' Motion to Strike Portions of the Declarations of Sam Langston, some of the testimony and evidence offered is inadmissible since the declarant lacks personal knowledge, relies on hearsay, is legal argument disguised as fact, consists of legal conclusions, and relies on statements made by lawyer-as-witness, Robert A. Faucher.

Therefore, pursuant to Federal Rule of Civil Procedure 56(c)(4), the Court should strike the objectionable testimony and evidence from the record before the Court commences its Rule 56 summary judgment analysis.

## I.
## LEGAL AUTHORITIES

In considering the testimony and evidence Plaintiff has submitted in support of his Cross-Motion for Summary Judgment (Counts II & III), this Court should follow the standard required and set forth under Federal Rule of Civil Procedure 56(c)(4) which provides, in relevant part, that:

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.[1]

Rule 56(c)(4) clearly establishes that affiants must have _personal knowledge_ to what they attest to or to authenticate or establish an evidentiary foundation for the admissibility of documents attached to an affidavit, and affiants must set forth _facts_ (not argument).[2] _See, e.g., In re Lake Country Investments_, 255 B.R. 588, 594-95 (Bankr. D. Idaho 2000). In _In re Lake Country Investments_, this Court held that the declarations at issue established only that the affiants received documents from some non-party entity and, as a result, they could not affirm the genesis or authenticity of, or testify

---

[1] Federal Rule of Civil Procedure 56 applies in adversary proceedings. _See_ Fed. R. Bank. P. 7056.

[2] The language of 56(c)(4) was formerly encapsulated in 56(e). _See_ Advisory Committee Notes, 2010 Amendment to Fed. R. Civ. P. 56.

---

to the information within, any of the documents. *Id.*

Furthermore, an affidavit should not contain conclusory facts, legal conclusions or hearsay. *See, e.g., DBSI Signature Place, LLC v. BL Greensboro, LP,* 392 F.Supp.2d 1206, 1210 (D. Idaho 2005) (granting motion to strike as to statements in affidavit containing legal conclusions); *Block v. City of Los Angeles,* 253 F.3d 410, 418-19 (9th Cir. 2001) (holding that an affidavit containing hearsay and not based on personal knowledge should be stricken).[3]

Where an attorney acts as an advocate at a trial in which the attorney is likely to be a necessary witness, he violates Rule 3.7 of the Idaho Rules of Professional Conduct unless he meets one of the enumerated exceptions outlined in the rule.[4]

If an affidavit contains inadmissible matter, the whole affidavit need not be stricken or disregarded; a court may strike or disregard the inadmissible portions and consider the rest of the affidavit. *See Idaho Conservation League v. Atlanta Gold Corp.,* 844 F.Supp.2d 1116, 1124 (D. Idaho 2012).

## II.
## ANALYSIS

**A. Portions of the Langston Declaration and accompanying appraisal are inadmissible because they are not based on personal knowledge but upon the Legal Opinion and factual representations of Robert A. Faucher.**

Exhibit A attached to the Langston Declaration contains two opinions of value: one with respect to the entire property owned by Intervenor-Plaintiffs commonly described as 1720 E. Sendero Lane, Boise, Idaho 83712 (Lots 5, 6, 7, 8, B4, and A3), and one with respect to Lots 5 and 6 only, which is incorporated in pages 6 through 10 of 151, and 106 through 151 of Docket No. 33-2. Lots 5

---

[3] *Idaho Conservation League v. Atlanta Gold Corp.*, 844 F.Supp. 2d 1116, 1124–25 (D. Idaho 2012) (holding that a court must disregard statements that are not made on personal knowledge, and statements that are not factual statements but, rather, opinions); *McReynolds v. Lowe's Companies, Inc.*, 2008 WL 5234047, *6 (D. Idaho Dec. 12, 2008) (noting that affidavits should not contain ultimate or conclusory facts and conclusions of law, and a court is not bound to accept as true a legal conclusion couched as a factual allegation) (citing *DBSI Signature Place, LLC v. BL Greensboro, L.P.*, 392 F. Supp. 2d 1206, 1210 (D. Idaho 2005)).

[4] RULE 3.7: LAWYER AS WITNESS (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. (b) A lawyer may act as advocate at a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

---

and 6 (the "Subject Property") are hypothetically valued because Defendant Idaho Central Credit Union ("ICCU") hold a loan in the current approximate sum of $538,828.00 secured by a deed of trust on the Subject Property. Thus, the value of the Subject Property is relevant to determine the value securing ICCU's lien.

Portions of the Langston Declaration and the accompanying Exhibit A are not based on personal knowledge of Langston; they present argument disguised as fact, and set forth legal conclusions, rely upon hearsay, and rely upon the representations, both factual and legal, of lawyer-as-witness, Robert A. Faucher. The following identifies inadmissible portions of and exhibits to the Langston Declaration re the Subject Property:

| ¶/EXHIBIT | STATEMENT | OBJECTION |
|---|---|---|
| ¶6 Declaration of Sam Langston, Docket No. 33-2 | I concluded that the market value of Lots 5 and 6 of the Residential Estate is $0. | Lack or personal knowledge, hearsay, legal argument disguised as fact, legal conclusion. Relies on lawyer-as-witness, Mr. Faucher to conclude Lots 5 and 6 are valued at "0." *See* FRCP 56(c)(4); *In re Lake Country Investments, supra;* *DBSI Signature Place, LLC, supra.* |
| EXHIBIT A to Docket No. 33-2, pages 6-10, 106 - 151 | Appraisal Report of Lots 5 and 6 | Lack or personal knowledge, hearsay, legal argument disguised as fact, legal conclusion. Relies on lawyer-as-witness, Mr. Faucher to conclude Lots 5 and 6 are valued at "0." *See* FRCP 56(c)(4); *In re Lake Country Investments, supra;* *DBSI Signature Place, LLC, supra.* |

As set forth more fully below, Mr. Langston's appraisal of the Subject Property relies wholly upon factual representations and legal conclusion of Robert A. Faucher in his legal opinion letters, rather than upon his own expert evaluation of the Subject Property. Accordingly, the appraisal is fatally flawed, and is not evidence within the knowledge of the witness, Mr. Langston, but is evidence based on the knowledge and opinion of Mr. Faucher, the attorney-advocate-witness for BrunoBuilt.[5] Accordingly, the appraisal of the Subject Property should be stricken.

In the engagement letter between Langston & Associates and Robert A. Faucher, dated December 3, 2020, for appraisal services, it appears that Mr. Faucher inserted some handwritten interlineations.[6] On page 125 of 151, there is an insertion of the handwritten words "(the 'Opinion')" after the words, "An Oral Appraisal of a portion of the Dempsey Residential Estate, lots 5 and 6 (two lots & residential improvements) with consideration given to your legal opinion [insertion] no later than December 16." Next to the handwritten words appear to be the initials "RAF."

On page 126 of 151, in paragraph 8 of the appraisal engagement letter, there is an insertion of the handwritten words, ",except that we will defer to the Opinion;" after the words "Langston & Associates, Inc. shall have no responsibility for legal matters; question of survey; opinion of title [insertion]…." Next to the handwritten words appear to be the initials "RAF."

In sum, this appraisal engagement letter directs Langston to defer to Robert A. Faucher's Opinion when it comes to the valuation of Lots 5 and 6. What does the Opinion say? In the Opinion, among other things, Mr. Faucher concludes factually that, "The Subject Parcel is landlocked within the Residential Estate" (Letter dated October 28, 2020, p. 118 of 151; Letter dated November 9, 2020, p. 116 of 151), and he concludes legally that no access or easement presently exists which would allow

---

[5] Rule 3.7 of the Idaho Rules of Professional Conduct is strictly construed to mean that a lawyer shall not act as an advocate "at trial" where is he likely to be a necessary witness. *See e.g.* *In re Allen Elias*, Case No. 02-41640 (District of Idaho) (Memorandum of Decision, dated June 10, 2005). The Rule is not necessarily violated at the summary judgment stage. In this case, because of the factual dispute as to the value of the Subject Property, this matter is likely to go to trial, and Mr. Faucher is likely to be called as a witness with respect to his factual assertions in his Legal Opinion letters that Mr. Langston was instructed to adopt and rely upon.

[6] Pages 122 through 128 of Docket 33-2 are two engagement letters between Langston & Associates and Robert A. Faucher, both dated December 3, 2020. One appears to be an expert witness engagement, and the other an engagement to perform appraisals.

[ICCU] access to Lots 5 and 6, and that none could be granted because of the restrictions of 11 U.S.C. §§506(a) and 549 (Letter dated October 28, 2020, p. 119-121 of 151; Letter dated November 9, 2020, pp. 116-117 of 151).

Therefore, Mr. Langston is led to conclude based on Mr. Faucher's Opinion, that for the purpose of valuation, he must not employ the common accepted appraisal methodology of valuating such a property, which method he sets forth on page 107 of 151:

> In general, common accepted appraisal methodology in measuring the value impact due to the loss or lack of access would be to provide an estimate of the cost to cure which would then be deducted from the estimated market value of the property with access. However, in this instance as detailed in the "Legal Opinion Letter" the ability to cure the loss of access to obtain an easement is not possible. Under this valuation premise the ability to obtain access cannot be assumed and in this case is not probable as detailed in the "Legal Opinion Letter".

As a result, Langston arrives at the astonishing conclusion that the Subject Property thus has a value of "$0." This appears to violate one of the required certifications that "An analysis based on a hypothetical condition must not result in an appraisal or appraisal review report that is misleading."  *See* Certification of Appraisal, page 111 of 151.

Langston's conclusion of value is erroneous and misleading, and is based wholly on the factual and legal representations of Mr. Faucher, rather than on Langston's own purported expertise. Among other things, he did not investigate whether the Subject Property is in fact "landlocked" or whether access was possible. He simply relied on Mr. Faucher's conclusion that it is so and that no access could be obtained. Rather than using the common accepted appraisal methodology as set forth above to arrive at value, or even an accepted method to determine a value of  what is termed "surplus property" if the Subject Property were indeed "landlocked," he deferred to Mr. Faucher, threw up his hands and declared there is no value to the Subject Property. There is no analysis as to whether ICCU would even need access to its own collateral, when the Dempseys have access to is, as owners of all the lots surrounding it, and whether that would affect the value. There is no discussion of whether the driveway in

Lot A3 provides access to Lots 5 and 6 (it does) via the CC&Rs or by any other means.

Remarkably, in concluding that all of the Lots together are valued at $960,000, there is no discussion, analysis or weight given to the fact that Lots 5 and 6 contain the vast majority of what Langston had to analyze to arrive at the $960,000 value for all of the Lots.

Moreover, on February 11, 2021, Mr. Langston's deposition was taken, and he repeated over and over again that he relied on the Legal Opinion of Robert A. Faucher to determine the value of the Subject Property. When asked who would be called as a witness to testify as to the factual assertions relied upon in the Legal Opinion Letters, he did not know. (It would clearly have to be Robert A. Faucher, which would implicate Rule 3.7 of the Idaho Professional Rules of Conduct.)

## III.
## CONCLUSION

Based upon each of the foregoing objections, Intervenor-Plaintiffs respectfully request the identified statements and exhibits be stricken before the Court decides BrunoBuilt's Cross-Motion for Summary Judgment (Counts II & III) (Docket No. 31).

DATED this 11th day of February, 2021

ROARK LAW OFFICES

By: _____
Holly Roark,
Attorney for Intervenor-Plaintiffs

---

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **<u>February 11, 2021</u>**, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Robert A Faucher on behalf of Plaintiff BrunoBuilt, Inc.
rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Philip John Griffin on behalf of Plaintiff BrunoBuilt, Inc.
PJGriffin@hollandhart.com, boiseintaketeam@hollandhart.com;njhammond@hollandhart.com

Jed W. Manwaring on behalf of Defendant Idaho Central Credit Union
jmanwaring@evanskeane.com, valerie@evanskeane.com

Holly Roark on behalf of Intervenor-Plaintiffs William E. Dempsey, II and Amy D. Dempsey
holly@roarklawboise.com, courtnotices@roarklawoffices.com

AND I FURTHER CERTIFY that on the same date, I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:
n/a

/s/ *Holly Roark*
_____
Holly Roark